**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER DAVIE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:26-CV-00104 HEA |
| | ) |
| AMY TRUEBLOOD, | ) |
| | ) |
| Respondent. | ) |

**OPINION, MEMORANDUM AND ORDER**

Before the Court is Self-represented Petitioner Christopher Davie's Petition for Writ of Mandamus seeking a mandatory injunction from this Court to compel Associate Circuit Judge Amy Trueblood in Cape Girardeau County, Missouri, to reopen his probate action. [ECF No. 1].

On May 14, 2026, Petitioner filed this action pursuant to 28 U.S.C. § 1651. Petitioner has not, however, filed a complete Application to Proceed in District Court Without Prepaying Fees or Costs or paid the $405 filing fee. Petitioner will be given 21 days to either submit his Application to Proceed Without Prepaying Fees or Costs or paying the $405 filing fee, or this action will be dismissed without prejudice.

Additionally, a review of this petition reveals that the Court apparently lacks jurisdiction over this action. Under 28 U.S.C. § 1651(a), federal courts may issue writs "in aid of their respective jurisdictions. . ." The district court has jurisdiction under 28 U.S.C. § 1361 to issue writs of mandamus. That jurisdiction is limited, however, to writs of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty. . ." 28 U.S.C. § 1361; *see also Middlebrooks v. Thirteenth Judicial Dist. Cir. Court, Union Cty.*, 323 F.2d 485, 486 (8th Cir. 1963).

It is also well-established that, with very few exceptions specifically outlined by Congress, the federal court cannot issue a writ of mandamus commanding action by a state court. In this case, Petitioner appears to seek mandamus relief from this Court directing a state judge to take specified action. Specifically, Petitioner seeks to a state judge to reopen a state court proceeding. Petitioner does not seek an order compelling action on the part of the United States or any federal agency. As a result, this Court lacks jurisdiction to proceed on Petitioner's petition. *See Veneri v. Circuit Court of Gasconade Cty.*, 528 F. Supp. 496, 498 (E.D. Mo. 1981) (stating that "it is well settled that federal courts have no superintending control over and are without authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties"); and *Rivera v. Minnesota*, No. 2022 WL 4298745, at *1 (D. Minn. 2022) (explaining that "a writ to instruct a state court to perform judicial functions is not a writ in aid of this Court's proper jurisdiction").

Petitioner shall show cause in writing why this action should not be dismissed for lack of jurisdiction. The failure to respond may result in dismissal for failure to comply with a Court Order.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall provide Petitioner with an Application to Proceed in District Court Without Prepaying Fees or Costs.

**IT IS FURTHER ORDERED** that within **21 days of the date of this Opinion, Memorandum and Order,** Petitioner shall either pay the $405 filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs.

**IT IS FURTHER ORDERED** that within 21 days of the date of this **Opinion, Memorandum and Order**, Petitioner shall show cause why this action should not be dismissed for lack of jurisdiction.

Dated this  19ᵗʰ day of May, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE